**RECORD IMPOUNDED**

NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2896-23

J.H.,

      Plaintiff-Respondent,

v.

WARREN HILLS BOARD OF
EDUCATION and WARREN
HILLS JUNIOR HIGH SCHOOL,

      Defendants-Appellants,

and

THE ESTATE OF F.M.,

      Defendant.

| APPROVED FOR PUBLICATION |
| :---: |
| **April 28, 2025** |
| **APPELLATE DIVISION** |

Argued February 25, 2025 – Decided April 28, 2025

Before Judges Gilson, Firko, and Augostini.

On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Warren County, Docket No. L-0423-21.

Jerald J. Howarth argued the cause for appellants (Howarth & Associates, LLC, attorneys; Jerald J. Howarth, on the briefs).

Jeffrey M. Russo argued the cause for respondent (Russo Law Offices, LLC, attorneys; Jeffrey M. Russo, on the brief).

Eric G. Kahn argued the cause for amicus curiae New Jersey Association for Justice (Javerbaum Wurgaft Hicks Kahn Wikstrom & Sinins, attorneys; Eric G. Kahn, of counsel and on the brief; Annabelle M. Steinhacker, on the brief).

Thomas J. Manzo argued the cause for amicus curiae New Jersey State Bar Association (William H. Mergner, Jr., President, of counsel and on the brief; Craig J. Hubert and Thomas J. Manzo, on the brief).

Hach Rose Schirripa & Cheverie, LLP, attorneys for amicus curiae Child USA (Hillary Mara Nappi, of counsel and on the brief).

The opinion of the court was delivered by

GILSON, P.J.A.D.

In 2019, the Legislature enacted two laws, which amended and supplemented the statutes of limitations and procedural requirements for civil actions alleging sexual abuse.  See L. 2019, c. 120 (Chapter 120); L. 2019, c. 239 (Chapter 239).  As part of those amendments, the Legislature eliminated the notice requirement in the Tort Claims Act (TCA), N.J.S.A. 59:1-1 to 12-3, for victims of sexual abuse.  See Chapter 120, § 8 (codified at N.J.S.A. 59:8-3(b)). The Legislature also expanded the type of persons and entities that can be liable for sexual abuse by amending the Child Sexual Abuse Act (CSA Act), N.J.S.A.

2A:61B-1, to eliminate the requirement that a passive abuser be "within the household" of the victim. See Chapter 120, § 4.

This appeal presents two questions concerning the interpretations of the 2019 statutory amendments. First, whether the amendment to the notice provision in the TCA, Chapter 120, § 8, applies to common law claims related to allegations of sexual abuse of a minor. Second, whether the amendment removing the "within the household" requirement from the CSA Act, Chapter 120, § 4, applies to cases filed after the December 1, 2019 effective date or only to actions that accrued after the effective date.

We hold that the 2019 amendment eliminating the notice requirement in the TCA applies to common law claims that are directly related to the sexual abuse of a minor. We also hold that the 2019 amendment to the CSA Act, which eliminated the "within the household" requirement, applies to any action filed after December 1, 2019, and that it is not limited to claims that accrued after December 1, 2019.

Accordingly, in this matter, we affirm a November 30, 2023 order denying partial summary judgment to defendants Warren Hills Board of Education (the Board) and Warren Hills Junior High School (the Junior High School). The Board and the Junior High School had moved for partial summary judgment,

arguing that plaintiff's common law claims should be dismissed because he did not file a timely notice of claim under the TCA, and they were not subject to liability under the CSA Act.[1]  We also affirm an April 11, 2024 order denying the Board's and the Junior High School's motion for reconsideration.

I.

In November 2021, plaintiff sued the Board, the Junior High School, and the Estate of F.M.  Plaintiff alleged that F.M. had sexually abused him between 1976 and 1978, when plaintiff was a student at the Junior High School and F.M. was employed as a custodian and wrestling coach at the school.  F.M. died in 1995.

Plaintiff asserted claims under the CSA Act, the Law Against Discrimination (LAD), N.J.S.A. 10:5-1 to -50, and common law claims of negligence, including negligent hiring, retention, and supervision of F.M.  Plaintiff also asserted claims of gross negligence, intentional infliction of emotional distress, and breach of fiduciary duty.

After conducting some discovery, the Board and the Junior High School moved for partial summary judgment.  They argued that plaintiff's common law

---

[1] We use initials or "plaintiff" to protect plaintiff's privacy interests as an alleged victim of child sexual abuse.  See R. 1:38-3(c)(9).

A-2896-23

claims against them were barred by the TCA because plaintiff had not given timely notice of those claims. They also argued that they were not passive abusers under the CSA Act because they had not been a member of plaintiff's household. In that regard, they contended that the 2019 amendment to the CSA Act, which eliminated the "within the household" requirement, was intended to be applied prospectively, and thus did not apply to plaintiff's claims, which had accrued well before 2019.[2]

After hearing argument, the trial court denied the motion for partial summary judgment in an order entered on November 30, 2023. The court supported that ruling with a written opinion. In its written opinion, however, the trial court stated that it was dismissing the CSA Act claims.

The Board and the Junior High School moved for reconsideration. On April 11, 2024, the trial court issued an order denying the motion for reconsideration. In a written opinion, the trial court explained that its November 30, 2023 order was the correct ruling and that it had not intended to dismiss the CSA Act claims.

---

[2] The Board and Junior High School had also sought summary judgment to dismiss plaintiff's LAD claims but later withdrew that part of their motion.

A-2896-23

We granted the Board's and the Junior High School's motion for leave to appeal from both orders to resolve the two issues of statutory interpretation. We also accelerated the appeal.

II.

The Board and Junior High School argue the trial court erred in denying them partial summary judgment on two grounds. First, they contend that the 2019 amendment to the TCA only applies to plaintiff's CSA Act claims and does not apply to his common law claims. So, they assert that because plaintiff did not provide a timely notice of his common law claims under the TCA, they are entitled to immunity from those claims. Second, the Board and Junior High School assert that the 2019 amendment to the CSA Act, expanding passive abuser liability, applies only to claims that accrue after the effective date of December 1, 2019.

Plaintiff disagrees with those interpretations and argues that the trial court correctly denied the motion for partial summary judgment and reconsideration. Plaintiff asserts that no TCA notice is required for common law claims if those claims are directly related to a sexual assault. Additionally, plaintiff argues that the "within the household" requirement is not applicable to any claim filed after December 1, 2019, without regard to when the claim accrued.

6

Three amici have filed briefs in support of plaintiff's positions. The amici are the New Jersey State Bar Association, the New Jersey Association for Justice, and Child USA. They point out that the purposes of the 2019 amendments were to expand the ability of victims of sexual abuse to pursue redress through the courts. Thus, they argue that the amendments should be read broadly, as intended by the Legislature.

III.

The issues on this appeal present questions of law involving statutory interpretation. Accordingly, we review the issues de novo. Musker v. Suuchi, Inc., 260 N.J. 178, 185 (2025); Allstate N.J. Ins. Co. v. Lajara, 222 N.J. 129, 139 (2015).

"When interpreting a statute, [the] aim [is] to effectuate the Legislature's intent, which is best indicated by the statutory text." Keyworth v. CareOne at Madison Ave., 258 N.J. 359, 379 (2024) (citations omitted). "In construing statutory text, 'words and phrases shall be given their generally accepted meaning, unless that meaning is inconsistent with the clear intent of the Legislature or unless the statute provides a different meaning. Words in a statute should not be read in isolation.'" Id. at 379-80 (quoting Shelton v. Restaurant.com, Inc., 214 N.J. 419, 440 (2013)).

A-2896-23

Accordingly, courts are to "read the statute[] in [its] entirety and construe 'each part or section . . . in connection with every other part or section to provide a harmonious whole.'" C.A. ex rel. Applegrad v. Bentolila, 219 N.J. 449, 459-60 (2014) (omission in original) (quoting State v. Marquez, 202 N.J. 485, 499 (2010)) (internal quotation marks omitted). "If the text's plain meaning is clear and unambiguous, 'we apply the law as written.'" Keyworth, 258 N.J. at 380 (quoting State v. J.V., 242 N.J. 432, 443 (2020) (internal quotation marks omitted)). "Conversely, if the text is ambiguous, 'we may turn to extrinsic evidence, including legislative history to aid our inquiry.'" Ibid. (quoting W.S. v. Hildreth, 252 N.J. 506, 518 (2023)).

It is "[a]n overriding principle of statutory construction" that courts must seek to "harmonize legislative schemes," Richter v. Oakland Bd. of Educ., 246 N.J. 507, 538-39 (2021), "in light of their purposes," Am. Fire & Cas. Co. v. N.J. Div. of Tax'n, 189 N.J. 65, 79-80 (2006) (citing St. Peter's Univ. Hosp. v. Lacy, 185 N.J. 1, 14 (2005)). "Whenever statutory analysis 'involves the [interpretation] of two or more statutes, [courts] seek to harmonize [them], under the assumption that the Legislature was aware of its actions and intended' for related laws 'to work together.'" N.J. Ass'n of Sch. Adm'rs v. Schundler, 211

N.J. 535, 555 (2012) (third alternation in original) (quoting State ex rel. J.S., 202 N.J. 465, 480 (2010) (citations omitted)).

IV.

A.    The 2019 Amendments.

In 2019, the Legislature amended various statutes with the goal of "increas[ing] the ability of victims of sexual abuse to pursue justice through the court system." W.S., 252 N.J. at 524 (quoting Governor's Statement to S. 477 1 (May 13, 2019)) (internal quotation marks omitted).  To achieve that goal, the Legislature amended the statutes of limitations for filing civil claims of sexual abuse, the notice provisions of the TCA, and the liability of passive sexual abusers under the CSA Act.

Before 2019, civil actions for sexual abuse were governed by a two-year statute of limitations.  See J.P. v. Smith, 444 N.J. Super. 507, 524-28 (App. Div. 2016) (analyzing whether plaintiff's common law claims of sexual abuse were barred by the two-year statute of limitations provided under N.J.S.A. 2A:14-2). In 2019, the Legislature created two new statutes of limitations for civil actions for sexual abuse.

First, the Legislature expanded the time for filing civil claims of sexual abuse, permitting victims, who were abused as minors, to file claims "within

[thirty-seven] years after the minor reaches the age of majority, or within seven years from the date of reasonable discovery of the injury . . . , whichever date is later." N.J.S.A. 2A:14-2a(a)(1). "The same amendment extended the statute of limitations on claims for sexual abuse perpetrated against adults to seven years after the date of discovery." W.S., 252 N.J. at 512 (citing N.J.S.A. 2A:14-2a(b)(1)). Second, beginning on December 1, 2019, the Legislature revived for two years the statute of limitations for certain time-barred claims arising from sexual abuse offenses committed against minors. See N.J.S.A. 2A:14-2b(a).

At the same time, the Legislature modified the TCA requirements for filing claims of sexual abuse against public entities. Chapter 120, § 8. Normally, a person or entity seeking to sue a public entity must give notice of its claim ninety days "after accrual of the cause of action." N.J.S.A. 59:8-8. That notice requirement, however, was eliminated for actions at law for injury resulting from sexual assaults. See Chapter 120, § 8 (codified at N.J.S.A. 59:8-3(b)). The notice provision of the TCA now states, in relevant part:

> The procedural requirements of this chapter shall not apply to an action at law for an injury resulting from the commission of sexual assault, any other crime of a sexual nature, a prohibited sexual act as defined in section [two] of [L.] 1992, c. 7 ([N.J.S.A.] 2A:30B-2), or sexual abuse as defined in section [one] of [L.] 1992, c. 109 ([N.J.S.A.] 2A:61B-1).

[N.J.S.A. 59:8-3(b) (citation reformatted).]

In addition, the Legislature narrowed the scope of substantive immunity under the TCA.  See Chapter 239.  That amendment provides that the TCA's substantive immunity from civil liability would "not apply to an action at law for damages" resulting from sexual abuse "which was caused by a willful, wanton or grossly negligent act of the public entity or public employee," or, for acts committed against a minor, "which [were] caused by the negligent hiring, supervision or retention of any public employee."  Chapter 239, § 1 (codified at N.J.S.A. 59:2-1.3(a)).  Chapter 239 also stated that any action at law involving a public entity would be subject to the same new statutes of limitations set forth in Chapter 120.  Ibid. (codified at N.J.S.A. 59:2-1.3(b)).  In that regard, Chapter 239 stated:

> This act shall take effect on December 1, 2019, the same day that [L.] 2019, [c.] 120 ([N.J.S.A.] 2A:14-2a . . .) takes effect, and shall apply to any cause of action filed on or after that date, as well as any cause of action filed prior to that effective date that has not yet been finally adjudicated or dismissed by a court as of that effective date.
>
> [Chapter 239, § 2 (citation reformatted).]

The Legislature also amended the CSA Act in 2019.  Chapter 120, § 4. The CSA Act allows survivors of child sexual abuse to file civil actions for

11

A-2896-23

injury or illness based on sexual abuse. The CSA Act defines "sexual abuse" as "an act of sexual contact or sexual penetration between a child under the age of [eighteen] years and an adult." N.J.S.A. 2A:61B-1(a)(1). It also provides that a "person standing in loco parentis who knowingly permits or acquiesces in sexual abuse by any other person also commits sexual abuse." Ibid. Consequently, the statute imposes liability on both "active" and "passive" sexual abusers. Hardwicke v. Am. Boychoir Sch., 188 N.J. 69, 86 (2006); Doe v. Est. of C.V.O., 477 N.J. Super. 42, 57 (App. Div. 2023).

In the 2019 amendments to the CSA Act, the Legislature eliminated the requirement that a passive sexual abuser be "within the household" of the victim. See Chapter 120, § 4. The amendments to the CSA Act also allowed survivors of child sexual abuse to file a claim any time before reaching the age of fifty-five, which would be thirty-seven years after they reach the age of eighteen, or within seven years after discovering the harm, whichever is later. Chapter 120, § 2.

B.    The 2019 Amendment to the TCA.

The first issue we must decide is whether the 2019 amendment to the TCA also applies to common law claims related to sexual abuse. In W.S., the New Jersey Supreme Court held that the amendment, Chapter 120, § 8, eliminating

12

the notice provision of the TCA, applied to a CSA Act complaint brought by a survivor of child sexual abuse that was filed after December 1, 2019. 252 N.J. at 519. In that regard, the Court stated:

> The plain meaning of N.J.S.A. 59:8-3(b) dictates that child sexual abuse survivors who file a CSA[] [Act] complaint against a public entity after December 1, 2019 -- even if their cause of action accrued much earlier -- need not file a TCA notice of claim before filing suit.
>
> [Ibid.]

The Court expressly left open the question of whether the waiver of the TCA's notice-of-claim requirement also applied to common law claims of negligence or claims that do not arise under the CSA Act. Id. at 525 n.3.

In examining that open question, we "aim[] to effectuate the Legislature's intent" in amending N.J.S.A. 59:8-3(b). Id. at 518. Accordingly, we look to the plain language of the statute. State v. Lane, 251 N.J. 84, 94 (2022). In eliminating the procedural requirements for asserting a claim against a public entity, the Legislature amended the TCA to provide that those procedural requirements "shall not apply to an action at law for an injury resulting from the commission of sexual assault, any other crime of a sexual nature, a prohibited sexual act as defined in [N.J.S.A. 2A:30B-2], or sexual abuse as defined in [N.J.S.A. 2A:61B-1]." N.J.S.A. 59:8-3(b). The language is clear in including

"an action at law," which we construe to include common law claims. Indeed, to interpret the statute as excluding common law claims would require us to "presume that the Legislature intended something other than that expressed by way of the plain language." O'Connell v. State, 171 N.J. 484, 488 (2002).

Our interpretation is consistent with the rationale of the Court in W.S. 252 N.J. at 523-24 (pointing out that "[w]hen 'the Legislature has carefully employed a term in one place and excluded it in another, it should not be implied where excluded'" (quoting Goldhagen v. Pasmowitz, 247 N.J. 580, 600 (2021))). Our interpretation is also consistent with our construction of the related 2019 amendment expanding the statutes of limitations applicable to sexual abuse claims. See Est. of C.V.O., 477 N.J. Super. at 60-61. In Est. of C.V.O., we held that the plain language of the two-year revival of the statute of limitations permitted a plaintiff to file "an action at law for an injury resulting from the commission of sexual assault," even though the claim was not directly tied to a claim under the CSA Act. Id. at 62. In that regard, we explained:

> The plain language of N.J.S.A. 2A:14-2b(a) is clear that "an action at law" includes common law and statutory claims. The Legislature provided four separate sexual offenses for victims to pursue causes of action. . . . Had the Legislature intended to limit the availability of claims only to sexual abuse claims under the CSA[] [Act], it would not have permitted "an action . . . from the commission of sexual assault" and separately stated

14

"or sexual abuse as defined in [the CSA Act]." . . . Therefore, we conclude a timely-filed common law claim for the "commission of sexual assault" . . . may proceed irrespective of a cognizable "sexual abuse" claim under the CSA[] [Act].

[Id. at 60 (second omission in original) (citation reformatted).]

C.    The 2019 Amendment to the CSA Act.

The second issue presented is whether the 2019 amendment to the CSA Act, Chapter 120, § 4, expanding passive abuser liability, applies only to claims that accrue after the effective date of the amendment, which was December 1, 2019.  The Board and the Junior High School argue that the amendment should be applied prospectively and, thus, only to claims that accrue after the effective date of the amendment.  Accordingly, they argue that plaintiff's CSA Act claims must be dismissed because they accrued well before December 1, 2019.  We reject that interpretation as inconsistent with the plain language of the amendment, as well as the clear purposes of the 2019 amendments.

The "within the household" requirement in the CSA Act was eliminated so that "passive abuser liability" could be applied to entities, including public schools.  See S. Judiciary Comm. Statement to S. 477 (Mar. 7, 2019).  As amended, the CSA Act states in relevant part:

In any civil action for injury or illness based on sexual abuse, the cause of action shall accrue at the time of

> reasonable discovery of the injury and its causal relationship to the act of sexual abuse. Any such action shall be subject to the statute of limitations set forth in [N.J.S.A. 2A:14-2a].
>
> [N.J.S.A. 2A:61B-1(b).]

The amended statute of limitations provides that if the sexual abuse occurs prior to the effective date of the 2019 amendment, Chapter 120, § 2, an action for claims concerning the abuse of a minor must be commenced within thirty-seven years of the minor reaching the age of majority or seven years from the date of reasonable discovery. N.J.S.A. 2A:14-2a(a)(1). Chapter 120 also created a two-year revival statute of limitations for claims that had already expired. See Chapter 120, § 9 (codified at N.J.S.A. 2A:14-2b(a)).

The effective date of the 2019 amendments was December 1, 2019. Chapter 120, §§ 2, 9. The complaint in this action was filed on November 29, 2021. Therefore, plaintiff's action was timely under N.J.S.A. 2A:14-2b(a). Applying the plain language of the amendments, and considering the clear purposes of the 2019 amendments, those amendments apply to claims that were filed after the December 1, 2019 effective date. In other words, the amendments do not apply only to claims that accrue after the effective date.

This interpretation is also supported by the holdings and rationale of the Court in W.S. In construing how to apply the amendment to the TCA, the Court

explained that applying the law in effect at the time the complaint is filed "is not applying a statute retroactively; it is applying a statute prospectively to cases filed after its effective date." W.S., 252 N.J. at 522. In W.S., the Court rejected an argument that the 2019 amendment to the TCA should apply only to actions accruing after December 1, 2019, the effective date of that amendment. In that regard, the Court explained:

> Applying the law in effect at the time a complaint is filed -- even when that law changed the requirements for filing a complaint -- is not applying a statute retroactively; it is applying a statute prospectively to cases filed after its effective date. Defendants effectively posit that W.S.'s complaint should not have been subject to the laws in effect at the time it was filed, but rather to laws the Legislature had at that point intentionally repealed. There is no support for that position in the text, structure, purpose, or legislative history of N.J.S.A. 59:8-3(b).
>
> [Ibid.]

Like the 2019 amendment to the TCA, the 2019 amendments to the CSA Act should be applied to any case filed after December 1, 2019. The "text, structure, purpose, [and] legislative history" of the amended CSA Act support that construction. Ibid.

The Board and the Junior High School seek to distinguish W.S., asserting that the Court was focusing on the amendment to the TCA. They argue that the

17

trial court improperly "graft[ed]" the language of the TCA notice amendment to the amendments to the CSA Act. So, the Board and Junior High School argue that the amendments to the CSA Act should only be applied to causes of action that accrue after the December 1, 2019 effective date of the amendments. To support their position, they cite the Court's recent case in Maia v. IEW Constr. Grp., 257 N.J. 330 (2024). In Maia, the Court held that amendments to the Wage and Hour Law, N.J.S.A. 34:11-56a to -56a41, did not apply retroactively because the Legislature intended them to apply to conduct that occurs on or after the effective date of the legislation. Id. at 351-52. In making that holding in Maia, however, the Court noted that its decision in W.S. involved "amendments to procedural requirements" to the law and that changes to the law that are procedural rather than substantive "may often be applied in suits arising before their enactment without raising concerns about retroactivity." Id. at 348 (quoting Landgraf v. USI Film Prods., 511 U.S. 244, 275 (1994)) (internal quotation marks omitted). Accordingly, Maia is distinguishable. As already explained, W.S. supports the conclusion that the amended CSA Act is not being improperly applied retroactively because the amendments apply to cases filed after the December 1, 2019 effective date.

V.

In summary, having reviewed both statutory issues, we hold that plaintiff's claims are not subject to the notice requirement of the TCA. We also hold that plaintiff's claims under the CSA Act are viable because there is no "within the household" requirement, given that plaintiff filed his claims after the effective date of the amendment, Chapter 120, § 4 (codified at N.J.S.A. 2A:61B-1(a)), and within the two-year revival period, as amended by Chapter 120, § 9 (codified at N.J.S.A. 2A:14-2b(a)). Accordingly, we affirm both the November 30, 2023 order denying partial summary judgment to the Board and the Junior High School, and the April 11, 2024 order denying reconsideration. We remand the matter for further proceedings consistent with this opinion.

Affirmed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-2896-23